UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA WALDOWSKI,  Civil Action No.: 19-12762
  Honorable Victoria A. Roberts
 Plaintiff, Magistrate Judge Elizabeth A. Stafford

v.

CONSUMERS ENERGY
COMPANY,

 Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO PRECLUDE PLAINTIFF FROM PURSUING FRONT PAY DAMAGES AT TRIAL, AND TO STRIKE PLAINTIFF'S EXPERT REPORT AND ANTICIPATED TESTIMONY (ECF NOS. 36, 39)**

I. **Introduction**

Plaintiff Tamara Waldowski sues Consumers Energy Company for discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Michigan with Disabilities Civil Rights Act, M.C.L. § 37.1101, *et seq.* ECF No. 1. After the Honorable Victoria A. Roberts scheduled a January 2022 trial, Consumers moved to preclude Waldowski from pursuing front pay damages at trial, and to strike her expert's report and anticipated testimony. ECF No. 36; ECF No. 39. Judge Roberts referred the motions to the undersigned for hearing and

determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 31; ECF No. 37; ECF No. 41.[1]

The Court held a hearing on October 8, 2021 and now grants the motions.

## II. Background

Both of Consumers' motions relate to Waldowski's late disclosure that she sought front pay damages.  In her complaint, she requested an award of "such damages as she may prove to be entitled" at trial.  ECF No. 1, PageID.9.  And the computation of damages in Waldowski's March 2, 2020 initial disclosures described back pay of about $105,000, compensatory damages for having to withdraw funds from her 401(k), punitive damages, and attorneys' fees and costs.  ECF No. 36-2.  Consumers says that it did not learn until a June 2021 settlement conference that Waldowski sought front pay damages.  ECF No. 39, PageID.914.

Waldowski says that her counsel inadvertently omitted front pay from her initial disclosures, but that she included front pay as a category of damages in the parties' March 2, 2020 joint discovery plan.  ECF No. 44,

---

[1] Waldowski responded to the motions and filed a supplemental brief about the front pay motion after the October 2021 hearing.  ECF No. 44; ECF No. 46; ECF No. 49.  Consumers filed reply briefs for each motion and a post-hearing supplemental brief.  ECF No. 45; ECF No. 48; ECF No. 51.

PageID.1106; ECF No. 10, PageID.59.  Waldowski also points to a December 2020 email her attorney sent to defense counsel about settlement negotiations.  ECF No. 44-2, PageID.1125.  Her attorneys said in that email that "[f]ront pay would be in order."  *Id.*  Discovery closed the next month.

After the June settlement conference, Judge Roberts ordered that (1) Waldowski provide the bio and credentials of her damage expert, Jeff Stevens, by July 1, 2021; (2) Consumers send a list of damage discovery that Waldowski had produced and that which was outstanding by July 7, 2021; (3) Waldowski provide Consumers with outstanding damage discovery by July 16, 2021; (4) Stevens' expert report was due by July 30, 2021; (5) Consumers' rebuttal reports were due by August 31, 2021; and (6) the parties complete expert depositions by September 30, 2021.  ECF No. 30.  Consumers sent the required letter describing the outstanding damage discovery.  ECF No. 36-3.  It described several alleged omissions, including any supplementation to Waldowski's damage calculations, which were three times higher at the settlement conference than in her initial disclosures.  *Id.*, PageID.776; ECF No. 36-2, PageID.773.  Waldowski then submitted supplemental initial disclosures adding $339,000 in front pay damages.  ECF No. 36-4.

3

In a July 23, 2021 joint status report about their damages disputes, Consumers' counsel complained that they still had not received Stevens' bio or credentials.  ECF No. 39-6, PageID.952-953.  Waldowski's counsel promised that he would provide Stevens' information "forthwith," and then did provide his resume on July 28, 2021.  *Id*., PageID.955; ECF No. 39-8, PageID.959.  Consumers then scheduled Stevens' video deposition.  ECF No. 39-8, PageID.958-959.  But Waldowski's attorney notified defense counsel on July 30, 2021 that Stevens needed more time to complete the report, and proposed a new schedule requiring that Waldowski's expert report be due on August 20, 2021, that Consumers' rebuttal report be due on September 17, 2021, and that Stevens' deposition take place no later than September 3, 2021.  ECF No. 39-10, PageID.963.  Consumers stipulated to Waldowski's proposed dates and Judge Roberts approved them.  ECF No. 35.

On August 20, Waldowski's attorney said he had a plumbing emergency and asked to have until the next Monday to serve the expert report.  ECF No. 39-11.  The report was not served the next Monday, but Waldowski's counsel told defense counsel on Tuesday, August 24, 2021 that the report would arrive later that day.  ECF No. 39-12.  Waldowski's attorney emailed the report to defense counsel later that day, but the author

of the report was Sarah L. Jennings, Stevens' partner. ECF No. 39-13, PageID.966. The email included Jennings' resume. *Id*. Waldowski's counsel said that the substitution was because Stevens had "an unforeseen scheduling conflict." *Id.*

Consumers asks the Court to strike Jennings' report and disallow her testimony because the report violates Federal Rule of Civil Procedure 26(a)(2). ECF No. 39. It also asks the Court to preclude Waldowski from pursuing front pay damages because she failed to timely supplement the computation of her damages in her initial disclosures.

### III. Analysis

### A.

The Court will begin by addressing the motion related to Waldowski's expert report. Rule 26(a)(2) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." For witnesses who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," like Jennings, "this disclosure must be accompanied by a written report—prepared and signed by the witness." Rule 26(a)(2)(B). The report must include:

5

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

A report that provides only "cursory support" for its conclusions violates Rule 26(a)(2)(B). *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010). The *Olmstead* court emphasized that the report must be so complete that a deposition would either be unnecessary or shortened.

> Under Rule 26(a), a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources. Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.

*Id*. (citations and internal quotation marks omitted). Consumers argues, and the Court agrees, that Jennings' report includes many unexplained assumptions and thus violates Rule 26(a)(2)(B).

For example, Jennings assumes that Waldowski's work expectancy is 67 years, that she will retire in January 2032, and that she would have an

annual wage increase of 3%. ECF No. 39-14, PageID.969. She assumes a life expectancy of 80.1 and death date of January 2045. *Id.*, PageID.970. Jennings did not explain these assumptions in her two-pages of narrative opinion. *Id.*, PageID.967-968. At the end of her report, she listed twelve items of information that she considered for her conclusions, but the list failed to explain her assumptions. *Id.*, PageID.974.

**Lost Wages and Benefits Calculation**
**Waldowski vs. Consumers Energy**
**Appendix E**
**Information Considered**

1) Actual earnings per tax records provided for 2015, 2016, 2017, 2018, 2019 and 2020.
2) Earning records, as provided, for January 1, 2021 through July 31, 2021 for Delta Dental Plan of Michigan and Bull Enterprises, Inc.
3) Court documents and filings from Sinas, Dramis, Brake, Boughton & McIntyre, P.C. related to an automobile accident claim, as provided by council
4) Federal Reserve System, Historical Interest Rates.
5) Worklife Estimates: Effects of Race and Education (U.S. Department of Labor, Bureau of Labor Statistics).
6) US Department of Health and Human Services, *National Vital Statistics Report*, March 11, 2021.
7) U.S. Social Security Administration Actuarial Publications and Benefits Calculator.
8) Economic report of the President.
9) Society for Human Resource Management projections for salary increases and trends.
10) CMS Energy Employee Handbook, as provided by council.
11) Practitioners Publishing Company's Guide to Litigation Support Services.
12) United States Master Tax Guide.

*Id.*, PageID.974. This list raises many questions. What "documents and filings" did Jennings rely on? What work-life estimates or vital statistics support Jennings' conclusion about when Waldowski will retire or die? Which "Economic report of the President" did Jennings consider and how

does it support her assumptions?  In sum, Jennings' report failed to provide the required logical foundation.  *R.C. Olmstead*, 606 F.3d at 271.

The penalty for failing to provide information required by Rule 26(a) is that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Waldowski bears the burden of showing substantial justification or harmlessness; Consumers does not shoulder the burden of showing prejudice.  *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020).  The Sixth Circuit considers these five factors for assessing whether the violating party has met its burden:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citation and internal quotation marks omitted).  In evaluating the party's explanation, a court looks to "the objective circumstances surrounding the nondisclosure" to assess the feasibility of an earlier disclosure, and not so much at the party's good or bad faith.  *Samsung Elecs. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 199 (E.D. Va. 2016).

The Court recognizes that Jennings' report is of high importance to Waldowski's request for damages, but the other the *Howe* factors support striking Jennings' report and disallowing her testimony. Consumers was surprised by everything about Jennings' report, including that she would be the expert, and it is too late for Waldowski to cure the surprise. With discovery long closed and trial imminent, allowing Waldowski to supplement her expert disclosures now would disrupt the orderly flow of litigation. *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 454 (E.D. Mich. 2017). And Waldowski offers no explanation showing that she could not feasibly have obtained an expert report that complied with Rule 26(a)(2).

Because Waldowski has failed to show a substantial justification or harmlessness, exclusion of Jennings' testimony is mandatory. *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).

**B.**

Waldowski had to include in her initial disclosures "a computation of each category of damages" that she claimed. Rule 26(a)(1)(iii). She had to supplement and correct her initial disclosures "in a timely manner" after she learned "that in some material respect the disclosure or response [was] incomplete or incorrect, and if the additional or corrective information [had]

9

not otherwise been made known" to Consumers "during the discovery process" or "as ordered by the court." Rule 26(e)(1). This rule does not provide a license to sandbag an opponent. *Caruana v. Marcum*, No. 3:01-CV-1567, 2016 WL 4060691, at *3 (M.D. Tenn. July 28, 2016). Courts have found attempted supplementations well after the close of discovery and on the eve of trial to be too late. *See, e.g.*, *Hobson v. Mattis*, No. 3:14-CV-01540, 2017 WL 11475404, at *4 (M.D. Tenn. Sept. 11, 2017).

Waldowski's denial that she violated Rule 26(a)(1)(iii) cannot be seriously considered. She claims that she put Consumers on notice that she would be seeking front pay damages, but she does not dispute that she failed to provide a computation of front pay damages until July 2021. *See Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 666 F. Supp. 2d 820, 826–27 (N.D. Ohio 2009) (finding that defendants had to timely supplement initial disclosures to flesh out defense despite the bases for the defense being made known during discovery). *See* ECF No. 44, PageID.1107. Waldowski relies in part on her counsel's December 2020 email proposing settlement discussions. ECF No. 44-2. The email said that Waldowski's salary was 40% less than it had been at Consumers, but it did not include a computation, as required by Rule 26(a)(1)(iii). December 2020 was also too late; Waldowski was deposed three months

10

before the December email and discovery closed in January 2021. ECF No. 49-2. Thus, Waldowski failed to include a computation for front pay damages in her initial disclosures, and she did not timely supplement those disclosures to correct the omission.

Rule 37(c)(1) and the factors described in *Howe* control the sanctions for Waldowski's violation of Rule 26(a)(1); she must show that her late disclosure of her claim for front pay damages was substantially justified or harmless. 801 F.3d at 748. She does not meet her burden. First, Consumers was surprised both by Waldowski's claim for front pay damages and by the amount, which were three times as much as the backpay damages she had described in her initial disclosures. Second, it is too late for Waldowski to cure the surprise without disrupting the trial scheduled for January 2022.

Turning to the next factor, the Court finds that evidence of Waldowski's front pay damages is highly important; her alleged front pay damages are the largest component of the damages she claims. But the importance of her front pay damages highlights the harm to Consumers if Waldowski could pursue those damages at trial even though she disclosed her claim for them so long after discovery had closed.

11

Waldowski contends in her supplemental brief that Consumers had "all the information on which [front pay damage] claims would be based" and had "opportunities to inquire about and develop that information." ECF No. 49, PageID.1277. She admits that her work and life expectancies are relevant to her front pay damages claim and that defense counsel did not ask her questions related to those expectancies during her deposition. *Id*., PageID.1276-1278. Waldowski blames defense counsel for "simply cho[osing], for whatever reason," not to ask about her work and life expectancies. *Id.*

In its supplemental brief, Consumers retorts that defense counsel did not ask Waldowski about her life and work expectancy because she had not disclosed a claim for front pay damages. ECF No. 51, PageID.1315. Consumers rightly points out that the rules of procedure "do not require parties to read minds." *Bentley v. Highlands Hosp. Corp*., No. CV 15-97-ART-EBA, 2016 WL 5867496, at *10 (E.D. Ky. Oct. 6, 2016). The Court agrees with Consumers that Waldowski is at fault for defense counsel's failure to ask about her life and work expectancies, and that her late disclosure of her front pay claim is thus not harmless. The Court assumes that Waldowski's counsel made an honest mistake in omitting front pay calculations in her initial disclosures, but an honest mistake must be

"coupled with sufficient knowledge on the part of the other party" to be found harmless. *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 656 (E.D. Ky. 2013) (citation and internal quotation marks omitted).

Nor does she show substantial justification. Waldowski had argued in her initial response that, even if she did not violate Rule 26(a)(1), she was substantially justified because Judge Roberts scheduled expert discovery to occur after the settlement conference. ECF No. 44, PageID.1110. She said, "Front Pay damages are a type of damage that is routinely dealt with in expert testimony because it involves consideration of factors such as the employee's life and work expectancy, and discount tables to determine present value of future earnings." *Id.* This was not a meritorious explanation, as Rule 26(a)(1) and Rule 26(a)(2) are distinct for scheduling purposes. And as noted, the Court is striking Jennings' report and disallowing her testimony because she provided only conclusory explanations for her life and work expectancy conclusions.

At the hearing, the Court told the parties that it would disallow Jennings' testimony. So Waldowski changed course in her supplemental brief and emphasized that a plaintiff may pursue front pay damage claims without expert opinion support. ECF No. 49, PageID.1277 (citing *Burton v. Zwicker & Assocs.*, PSC, 577 F. App'x 555, 567 (6th Cir. 2014)). But she

13

provided no new explanation for her belated disclosure of her claim for front pay damages. ECF No. 49. In other words, Waldowski dropped her only explanation, so she cannot meet the substantial justification factor. Exclusion of her front pay damages claim is thus mandatory. *Dickenson,* 388 F.3d at 983.

## IV. Conclusion

The Court **GRANTS** Consumers' motions to preclude Waldowski from pursuing front pay damages at trial and to strike Jennings' report and anticipated testimony. ECF No. 36; ECF No. 39.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: November 3, 2021

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 3, 2021.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager